```
ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III
```

| EDWIN PÉREZ HERNÁNDEZ POR SÍ Y COMO MIEMBRO DEL CONSEJO DE TITULARES DEL CONDOMINIO LAGUNA PLAZA Y EL CONSEJO DE TITULARES DEL CONDOMINIO LAGUNA PLAZA<br><br>Recurridos<br><br>v.<br><br>PASEO CARIBE COMMERCIAL, LLC; LAS BRISAS PROPERTY MANAGEMENT, INC.; USA PARKING OF PUERTO RICO, INC.; GEORGE, LLC<br><br>Peticionarios | KLCE202301201 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV05760<br><br>Sobre: Sentencia Declaratoria; Afectación Servidumbres de Paso; Obligaciones y Contratos; Cumplimiento Específico; *Injunction*; Estorbos Públicos; Menoscabo a Derecho de Acceso Público en Bien de Dominio Público |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz y la jueza Mateu Meléndez

**Figueroa Cabán, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de noviembre de 2023.

Comparecen Paseo Caribe Commercial, LLC; Las Brisas Property Management, Inc., en adelante Paseo Caribe y Las Brisas, en conjunto las peticionarias, y solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI. Mediante la misma, el TPI denegó la *Segunda Moción de Desestimación,* presentada por las peticionarias, por entender que la demanda enmendada presentada por el señor Edwin Pérez Hernández, en adelante el señor Pérez, por sí y como miembro titular del Consejo de Titulares del Condominio Laguna Plaza y

Número Identificador

RES2023_____

el Consejo de Titulares del Condominio Laguna Plaza, en conjunto los recurridos, "son suficientes al amparo del estándar para evaluar las mociones de desestimación, para sostener las reclamaciones de los remedios solicitados".[1]

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari*.

**-I-**

Los recurridos presentaron una demanda enmendada sobre injuction preliminar y permanente, Artículo 277 del Código de Enjuiciamiento Civil de Puerto Rico y menoscabo al derecho de acceso público a un bien de dominio público contra las peticionarias.[2]

Transcurridos varios trámites procesales, que resulta innecesario pormenorizar para resolver la controversia ante nuestra consideración, Paseo Caribe y Las Brisas presentaron una *Segunda Solicitud de Desestimación*.[3] En síntesis, alegaron que luego de la suscripción del *Convenio Preliminar de Reconocimiento de Acceso Público a Perpetuidad e Irrestricto del Pueblo de Puerto Rico al Fortín San Jerónimo de Boquerón*, en adelante Convenio, el Tribunal Supremo de Puerto Rico, en adelante TSPR, resolvió que "los terrenos ganados al mar en el Condado Bay Parcel y el Coast Guard Parcel fueron debidamente desafectados".[4] Además, rechazan el reclamo sobre la existencia de una servidumbre de paso por signo aparente porque San Gerónimo Caribe Project, Inc. no es titular de la finca gravada. Así pues, entienden que no es

---

[1] Apéndice de las peticionarias, págs. 619-620.
[2] *Id.*, págs. 340-449.
[3] *Id.*, págs. 551-569.
[4] Véase, *San Gerónimo Caribe Project v. ELA I*, 174 DPR 518 (2008).

justiciable otorgar una escritura pública de servidumbre de paso porque el Convenio fue suscrito por el Instituto de Cultura Puertorriqueña y no por los recurridos. Por último, alegaron que no se han consumado los requisitos que dispone el Art. 277 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, según enmendado, para declarar estorbo público el tránsito vehicular que entra y sale por el Camino, ni el servicio de "valet parking", ni los vehículos estacionados en el área.

Por su parte, los recurridos presentaron su oposición a la solicitud de desestimación.[5] Afirmaron que las alegaciones contenidas en la *Segunda Demanda Enmendada*[6] están en controversia. En resumen, adujeron que con el Convenio se acordó el acceso público a perpetuidad e irrestricto al Camino y que así lo reconoció el TSPR en *San Gerónimo Caribe Project v. ELA I, supra,* de manera que se dispuso para la creación de una servidumbre de naturaleza personal. También arguyeron que, al adquirir la parcela mediante escritura con fecha de 5 de abril de 2021, Paseo Caribe inscribió en el Registro de la Propiedad el derecho de paso como un gravamen. Por lo tanto, sostienen que Paseo Caribe reconoció la servidumbre de paso antes de que prescribiera el Convenio en el año 2022 y que procede otorgar la escritura de servidumbre de paso. Por otro lado, alegaron que conforme al Convenio, "el derecho de acceso público a perpetuidad, e irrestricto al Fortín solo puede ser limitado por aquellas normas y reglas que el gobierno determine

---

[5] Apéndice de las peticionarias, págs. 596-611.
[6] *Id.*, págs. 340-449.

pertinentes establecer para el bien y el orden público, y para la conservación y protección del Fortín". Finalmente, en su opinión, el tránsito vehicular que entra y sale por el Camino, así como el servicio de "valet parking" y los vehículos estacionados en el área, interrumpen el libre uso de la propiedad de dominio público y, por ende, deben ser declarados estorbos públicos.

Con el beneficio de la comparecencia de ambas partes, el TPI la declaró no ha lugar la *Segunda Solicitud de Desestimación*.[7]

Inconformes, las peticionarias presentaron una solicitud de *certiorari* en la que invocan la comisión de los siguientes errores:

> ERRÓ EL TPI EN SU RESOLUCIÓN DEL 28 DE SEPTIEMBRE DE 2023 AL DECLARAR NO HA LUGAR A LA MOCIÓN DE DESESTIMACIÓN DE LA DEMANDA ENMENDADA AL NO DETERMINAR QUE LA CAUSA DE ACCIÓN PROMOVIDA POR LA PARTE RECURRIDA BASADA EN QUE EL CAMINO FUE OBJETO DE AFECTACIÓN -Y QUE AHORA ES UN BIEN DE DOMINIO PÚBLICO- NO PROCEDE COMO CUESTIÓN DE DERECHO.

> ERRÓ EL TPI EN SU RESOLUCIÓN DEL 28 DE SEPTIEMBRE DE 2023 AL DECLARAR NO HA LUGAR A LA MOCIÓN DE DESESTIMACIÓN DE LA DEMANDA ENMENDADA AL NO DETERMINAR QUE TAMPOCO PROCEDE, COMO CUESTIÓN DE DERECHO, LA CAUSA DE ACCIÓN PROMOVIDA POR LA PARTE RECURRIDA BASADA EN QUE SE DECLARE QUE EL CAMINO ES UNA SERVIDUMBRE DE PASO POR SIGNOS APARENTES.

> ERRÓ EL TPI EN SU RESOLUCIÓN DEL 28 DE SEPTIEMBRE DE 2023 AL DECLARAR NO HA LUGAR A LA MOCIÓN DE DESESTIMACIÓN DE LA DEMANDA ENMENDADA AL NO DETERMINAR QUE LA CAUSA DE ACCIÓN DE CUMPLIMIENTO ESPECÍFICO INSTADA POR LA PARTE RECURRIDA NO ES JUSTICIABLE Y QUE, POR ELLO, EL TPI CARECE DE JURISDICCIÓN SOBRE LA MISMA.

> ERRÓ EL TPI EN SU RESOLUCIÓN DEL 28 DE SEPTIEMBRE DE 2023 AL DECLARAR NO HA LUGAR A LA MOCIÓN DE DESESTIMACIÓN DE LA DEMANDA ENMENDADA AL NO DETERMINAR QUE LOS REMEDIOS SOLICITADOS POR LA PARTE RECURRIDA CONTRA LA OPERACIÓN DEL VALET PARKING EN CONTROVERSIA TAMPOCO PROCEDEN, COMO CUESTIÓN DE DERECHO, TANTO POR FALTA DE JUSTICIABILIDAD COMO POR DEJAR DE EXPONER UNA RECLAMACIÓN QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO.

---

[7] *Id.*, págs. 619-622.

Posteriormente, George LLC solicitó unirse a la petición de *certiorari* de epígrafe, también reclamando la desestimación de la demanda enmendada.[8]

Luego de examinar los escritos de las partes y los documentos que los acompañan, estamos en posición de resolver.

## -II-

### A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[…].[9]

### 1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de

---

[8] *Id*., págs. 450-469.
[9] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

derecho cometido por un tribunal inferior.[10] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[11]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[12]

**B.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el

---

[10] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[11] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[12] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

demandante sin celebrar un juicio en su fondo.[13] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando que se desestime la misma.[14] Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

> … (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.[15]

Al solicitar la desestimación, "los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante".[16] En consecuencia, nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[17]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones

---

[13] Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).

[14] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.

[15] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. (Énfasis suplido).

[16] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase, además, *Eagle Security Police, Inc. v. Efrón Dorado*, 2023 TSPR 5, 211 DPR ___ (2023).

[17] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).

concluyentes que no pueden presumirse como ciertas.[18] Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[19]

**-III-**

Los peticionarios alegan que luego de la suscripción del *Convenio Preliminar de Reconocimiento de Acceso Público a Perpetuidad e Irrestricto del Pueblo de Puerto Rico al Fortín San Jerónimo de Boquerón*, en adelante Convenio, el TSPR resolvió que "los terrenos ganados al mar en el Condado Bay Parcel y el Coast Guard Parcel fueron debidamente desafectados".[20] Además, arguyen que el reclamo sobre la existencia de una servidumbre de paso por signo aparente es improcedente porque San Gerónimo Caribe Project, Inc. no es titular de las fincas del Pueblo de Puerto Rico, entre las que se encuentra la finca gravada. Por otra parte, aducen que el reclamo instado, referente a que se otorgue una escritura pública de servidumbre de paso, no es justiciable porque el Convenio fue suscrito por el Instituto de Cultura Puertorriqueña y no por los recurridos. Del mismo modo, argumentan que la otra parte suscribiente no fue Paseo Caribe, sino San Gerónimo Caribe Project, Inc., que no es parte del pleito de epígrafe. Finalmente, sostienen que no se debe declarar estorbo público el tránsito vehicular que entra y sale por el

---

[18] Véase, Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).
[19] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).
[20] Véase, *San Gerónimo Caribe Project v. ELA I*, *supra*.

Camino, ni el servicio de "valet parking", ni los vehículos estacionados en el área, en tanto, no se han cumplido los requisitos que dispone el Art. 277 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, según enmendado.

En cambio, los recurridos insisten en que los peticionarios no presentaron fundamento en derecho alguno que establezca que un bien desafectado no puede revertir a su cualidad de dominio público y ser afectado posteriormente. Alegan que en *San Gerónimo Caribe Project v. ELA I*, *supra*, el TSPR estableció que la clasificación de un terreno en cuanto a su uso y destino no es inmutable. Del mismo modo, reiteran que Paseo Caribe adquirió la finca en controversia con conocimiento de la existencia del gravamen por un derecho de acceso público e irrestricto a favor del Pueblo de Puerto Rico y que, por esta razón, adquirió la clasificación jurídica de bien de dominio público por afectación. También, aducen que el Convenio otorgado por el Instituto de Cultura Puertorriqueña es suficiente para que se declare el Camino como uno de acceso y uso público. De modo, que es innecesario que San Gerónimo Caribe Project, Inc. sea titular de las fincas del Pueblo de Puerto Rico para que exista la servidumbre de paso por signo aparente. Así pues, les resulta pertinente que se ordene a Paseo Caribe a otorgar una escritura que contenga las condiciones que ostenta el Instituto de Cultura Puertorriqueña a beneficio del Pueblo de Puerto Rico sobre el predio en controversia. Por otro lado, aducen que los peticionarios transitan y estacionan vehículos en el Camino, lo que menoscaba y restringe el paso, su uso y

disfrute. Finalmente, los recurridos arguyen que, como residentes del Estado Libre Asociado de Puerto Rico, tienen legitimación activa por haberse constituido a su beneficio un derecho de acceso público irrestricto y a perpetuidad conforme a lo dispuesto en el Convenio, la escritura suscrita por Paseo Caribe y la decisión del TSPR en *San Gerónimo Caribe Project v. ELA I*, *supra*.

Sin embargo, de la lectura atenta de los documentos que obran en autos se desprende que el TPI procedió conforme al estándar de la Regla 10.2 (5) de Procedimiento Civil, *supra*, al declarar no ha lugar la segunda moción de desestimación presentada por las peticionarias. Por consiguiente, la disposición de la decisión recurrida no es contraria a derecho. Regla 40(A) del *Reglamento del Tribunal de Apelaciones*, *supra.*

Por otra parte, la etapa en que se presenta el recurso no es la más propicia para su consideración, por lo que la controversia ante nos no está madura para su propia adjudicación. Regla 40(E)del *Reglamento del Tribunal de Apelaciones*, *supra.*

Finalmente, no encontramos ninguna situación, al amparo de los restantes criterios de la Regla 40, que justifique la expedición del auto.

-IV-

Por los fundamentos antes expuestos, se deniega la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones